JOURNAL ENTRY AND OPINION
The appellant, Scott Greenwald, appeals the decision of the trial court finding him guilty on the single count of assault, in violation of Cleveland Municipal Code 621.03. For the reasons set forth below, we affirm the decision of the trial court.
The victim in this case was a nine year-old girl named Tia Fridley, who is the daughter of Teresa Bocho, Mr. Greenwald's girlfriend. The State contends that on or about December 29, 1999, the appellant, Tia, and Teresa Bocho were at the appellant's home. Tia was sitting on the couch next to the appellant and her mother. At some point, the appellant told Tia to complete her homework. Tia stated that she did not want to do her homework and that she wanted to stay with the appellant and her mother. The appellant again told her to complete her homework, at which time Tia began pouting and turned around to walk away. Tia testified that at that moment, the appellant smacked her on the buttock. She turned around and saw only the appellant's bare hand.
Several days later, Tia's father, Daniel Fridley, noticed a bruise on his daughter's buttock and questioned her about it. At that point, the child informed her father that the appellant had hit her there. Mr. Fridley then called 696-KIDS, who informed him that he should report this incident to the police. Tia was questioned by two female police officers about the incident. The officers took Polaroid photographs of the bruised area and instructed Mr. Fridley to take Tia to a doctor. Tia was subsequently taken to a doctor, questioned about the incident and examined.
The appellant and Tia's mother contend that Tia had fallen hard on her buttock while at the mall. Her mother further testified that she had showered with the child a couple of days later and that there was no bruising on her buttock.
The appellant was arrested and charged with assault pursuant to Cleveland Municipal Code 621.03. The appellant pled not guilty to the charge. A bench trial was conducted on March 14, 2000, and the appellant was found guilty of assault. On May 4, 2000, the appellant was sentenced. This appeal was filed asserting the following assignments of error:
 I. INSUFFICIENT EVIDENCE EXISTED TO CONVICT THE APPELLANT OF THE CHARGED OFFENSE.
 II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING INTO EVIDENCE THE TESTIMONY OF A CHILD UNDER THE AGE OF TEN WITHOUT MAKING THE REQUISITE FINDINGS OF HER COMPETENCY.
 IV. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL.
In appellant's third assignment of error, he contends that the trial court did not make the necessary determinations as to the victim's competency to testify. We find appellant's third assignment of error to be without merit.
The appellant failed to object to the trial court's determination of competency; therefore, in order for this court to reverse the determination of the trial court, there must be a finding of plain error. The standard for establishing the existence of plain error is stated in Crim.R. 52(B):
 Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
It is well settled that the trial judge is required to make a preliminary determination as to the competency of all witnesses, including children. State v. Wilson (1952), 156 Ohio St. 525. In addition, absent an abuse of discretion, the determination of competency made by the trial court will not be disturbed on appeal. State v. Frazier (1991),61 Ohio St.3d 247, 251.
Evid.R. 601 sets out the general rule of competency for witnesses:
Every person is competent to be a witness except:
 (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.* * *
The rules favor competency, conferring it even on those who do not benefit from the presumption, such as children under ten, if they are shown to be capable of receiving `just impressions of the facts and transactions respecting which they are examined' and capable of `relating them truly.' State v. Clark (1994), 71 Ohio St.3d 466, 469, citing Turner v. Turner (1993), 67 Ohio St.3d 337, 343, 617 N.E.2d 1123, 1128. For the trial court to determine the competency of a child under ten years old, several factors must be taken into consideration:
 (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify,
 (2) the child's ability to recollect those impressions or observations,
 (3) the child's ability to communicate what was observed,
 (4) the child's understanding of truth and falsity and
 (5) the child's appreciation of his or her responsibility to be truthful.
State v. Frazier (1991), 61 Ohio St.3d 247, syllabus.
By the trial court conducting the voir dire with the child to determine the level of competency, the trial court is also able to consider the child's appearance, demeanor, manner of answering questions posed, and the presence or absence of indication of coaching * * *. State v. Payton (1997), 119 Ohio App.3d 694, 696 N.E.2d 240, citing Wilson, supra.
In the case at bar, the trial judge asked Tia a number of questions until he felt satisfied that she was competent. The judge inquired about Tia's awareness of the importance of telling the truth. The judge asked * * * what happens if a person lies? (Tr. 12). Tia responded [W]ell, they can get caught and get into serious trouble. (Tr. 11-12). Tia was further able to give examples about what it means to tell a lie and what it means to tell the truth. (Tr. 11). In addition to the questions about telling the truth, the trial judge further discussed school with Tia, eliciting testimony as to what her favorite class was and asking her simple questions of math to determine her ability to differentiate between correct and incorrect answers. The trial judge was further able to observe the child, her appearance, demeanor, and the manner in which she answered the questions posed by him and to determine whether or not she was in fact coached.
Based on the voir dire conducted by the trial court, we conclude that the trial court's determination of the child's competency does not constitute an abuse of discretion or plain error. Therefore, the appellant's third assignment of error is without merit.
Appellant's first assignment of error questions the sufficiency of the evidence to convict him of the charged offense. He contends that the testimony of the child was contradictory and uncertain and that the appellant and the child's mother, Teresa Bocho, testified that the appellant never struck the child.
Crim R. 29(A), provides in part:
 The court, on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *.
The test for sufficiency of the evidence raises the question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks (1991),61 Ohio St.3d 259, the Supreme Court of Ohio stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Citations omitted).
In the case at bar, the trial judge determined that the testimony of Tia, the victim, was very credible. Tia testified to the following: [T]hen he hit me and then it was like a scream that I let out, and then I started to cry. Then I looked back and there was nothing else near him that he could have hit me with, so it must have been his hand. (Tr. 18).
This testimony was repeated by the child to her father, to the police officers that questioned her, to her doctor, and to the trial court. It would not be unreasonable for the trial court to have found that the testimony of Theresa Bocho and the appellant was not credible. This court concludes that the evidence presented was sufficient to convict the appellant of assault under Cleveland Municipal Code 621.03. The appellant's first assignment of error is without merit.
Appellant's second assignment of error contends that the appellant's conviction is against the manifest weight of the evidence. The appellant contends that the trial court based its decision in large part on the testimony of the child, Tia, and that she was improperly found to be competent to testify. The appellant further contends that Tia's testimony is filled with inaccurate and contradictory statements.
The issue, then, concerns whether or not the appellant's conviction is against the manifest weight of the evidence presented at trial.
In State v. Martin (1980), 20 Ohio App.3d 172, the court stated:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Additionally, the Supreme Court of Ohio, in State v. Thompkins (1997), 78 Ohio St.3d 380, stated:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicated clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
Further, in Tibbs v. Florida (1982), 457 U.S. 31, the United States Supreme Court stated:
 A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.
A reviewing court will not reverse a trial court's judgment on the grounds of manifest weight of the evidence when its determination is based on some competent, credible evidence going to all essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In addition, [I]n cases tried to the bench, it is well established that it is the role of the trial judge to determine the credibility of witnesses and weight to be given their testimony. The trial court has a superior opportunity to observe the witnesses." KP Adjusters Inc., et al. v. Prime Commercial Credit, Inc. et al. (March 4, 1999), Cuyahoga App. No. 73931, unreported, 1999 Ohio App. LEXIS 822, at 10.
The judgment of the trial court was based largely on the testimony of Tia, the victim in this case. Her testimony established that the appellant hit her on her buttock. Evidence was also presented in the form of pictures showing the bruising on the child's buttock. The trial judge heard testimony by the State from Tia, from Danny Fridley, Tia's father, and from one of the police officers involved in questioning Tia after the incident. The trial judge determined that the testimony of the State's witnesses was more credible than the testimony of the appellant and the appellant's girlfriend, Tia's mother. Therefore, based upon the evidence presented at trial and the trial court's determination as to the credibility of the evidence presented, this court finds that the appellant's conviction was not against the manifest weight of the evidence.
Appellant's remaining assignment of error contends that he was denied his right to effective counsel. The appellant argues that his counsel never objected to the competency and the testimony of the minor child, Tia. Further, counsel never sought to suppress the testimony of the child due to its highly prejudicial content.
For an ineffective assistance of counsel claim to be raised, there must be evidence to satisfy the test established in Strickland v. Washington (1984), 446 U.S. 668, 689:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Even if we assume deficient performance, however, by failing to make a request for a more searching voir dire of the child witness, defendant has failed to show any prejudice. Even if the court had conducted a more thorough voir dire, there is no showing that it would have found the child incompetent to testify that defendant spanked her and that a bruise resulted.
Given this court's rulings on the appellant's earlier assignments of error, the appellant has not shown that the actions of his trial attorney were so serious as to deprive the defendant of a fair trial. The appellant's final assignment of error is without merit.
It is ordered that appellee recover from appellant costs herein taxed
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ FRANK D. CELEBREZZE, JR. JUDGE
DIANE KARPINSKI, A.J., AND JAMES D. SWEENEY, J., CONCUR.