DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Michael Ellis, was convicted by a jury of kidnapping, robbery and burglary. Because we conclude that appellant was not denied a fair trial, his convictions are affirmed.
Appellant was indicted for the kidnapping and rape of a seven-year-old boy. Further investigation led prosecutors to also indict appellant for robbery and burglary. A trial commenced on August 14, 2000. Barbara Perry testified that on July 3, 1999, her seven-year-old nephew came to her house to spend the night. In the early morning hours of July 4, 1999, Perry testified that she heard a loud noise. Fearing there had been a car wreck, Perry went outside to investigate. She was followed outside by her seven-year-old nephew. Perry testified that she did not see anything outside. As she and her nephew began walking back to the house, a masked man came around the corner and blocked their entrance. The man poked a gun into Perry's ribs, demanded money and left with her nephew.
Perry's nephew testified that the man carried him to a house, put a bandanna over his eyes and sexually assaulted him. The boy testified that the man told him to "shut up" or he would kill him. The boy was found in a closet of the house on the morning of July 4, 1999. A bandanna was also found at the house.
Neither Barbara Perry nor her nephew could identify the kidnapper because his face was covered with a bandana when he abducted the boy. Perry was able to describe the shirt the man was wearing as a dark shirt with a the letter "W" on the left side. Carrie Jensen, a woman who lives in the neighborhood where Perry's nephew was abducted, testified that she saw appellant in the area on July 4, 1999. Jensen testified that when she saw appellant he was wearing a shirt with the letter "W" on it and he had a gun protruding from the back of his pants.
Detective Vince Morrow testified that he interviewed appellant on the evening of July 4, 1999 and again on July 5. The police had received a call from a woman who told them that appellant may have had something to do with the kidnapping. Detective Morrow testified that appellant admitted to smoking crack cocaine and taking a VCR from a house "he shouldn't of been in" but he denied having anything to do with the kidnapping.
Jacki Higgins, a DNA analyst, testified that she analyzed the bandanna that was found at the crime scene. Higgins testified that DNA evidence showed that both appellant and the boy had come into contact with the bandanna.
A jury found appellant guilty of kidnapping, robbery and burglary. He was sentenced to nine years for kidnapping, eight years for robbery and seventeen months for burglary. His sentences were ordered served consecutively. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN PERMITTING SERGIO DELGADO TO TESTIFY WITHOUT FIRST CONDUCTING A COMPETENCY HEARING.
 "II. DEFENSE COUNSEL'S FAILURE TO SEEK A COMPETENCY HEARING FOR SERGIO DELGADO OR TO OBJECT TO HIS BEING PERMITTED TO TESTIFY ABSENT A FINDING THAT HE WAS COMPETENT, DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGEMENT OF ACQUITTAL ON COUNT ONE, BURGLARY.
 "IV. THE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE BURGLARY CONVICTION.
 "V. THE PROSECUTOR COMMITTED MISCONDUCT WHEN HE TOLD THE JURY TO IDENTIFY WITH THE VICTIM.
 "VI. CUMULATIVE ERROR DEPRIVED APPELLANT OF A FAIR TRIAL.
 "VII. THE TRIAL COURT'S SENTENCING DETERMINATION THAT THE OFFENSES WERE MORE SERIOUS THAN THE ORDINARY CASE IS DEFECTIVE BECAUSE THE TRIAL COURT CONSIDERED TWICE THE FACT THAT SERGIO DELGADO WAS SEVEN YEARS OLD AT THE TIME HE WAS KIDNAPPED."
Appellant's first two assignments of error will be addressed together. Appellant contends that the court erred in admitting the testimony of the child victim without conducting a competency hearing. Appellant further contends his counsel was ineffective in not objecting to the victim's testimony.
Evid.R. 601 states:
"Every person is competent to be a witness except:
 "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
In cases where a witness is under ten years of age, the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency. State v. Clark (1994) 71 Ohio St.3d 466. The Ohio Supreme Court established a test for determining competency inState v. Frazier (1991), 61 Ohio St.3d 247, syllabus. The Frazier court held:
 "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful."
On direct examination, the prosecutor initially asked the then eight year old witness if he knew his name, his age and his date of birth. The witness correctly answered the questions. When, asked if he knew what it meant to tell the truth, the witness explained that if he said his pants were red that would be a lie because his pants are blue. The witness went on to describe where he was abducted and who was with him when it happened.
Appellant in this case failed to object to the lack of a competency hearing before the victim testified. It is well-established that the failure to object to an error in a criminal proceeding precludes the issue from being raised on appeal unless it rises to the level of plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 13; State v. Long
(1978), 53 Ohio St.2d 91. 95-96. An alleged error does not rise to the level of plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Wickline (1990),50 Ohio St.3d 114, 120. Furthermore, "the plain error rule is to be applied with the utmost caution and invoked under exceptional circumstances, in order to prevent a manifest miscarriage of justice."State v. Cooperrider (1983), 4 Ohio St.3d 226, 227; Long, supra, paragraph three of the syllabus.
The victim in this case testified that he was sexually assaulted by a man who kidnapped him. The victim could not identify the person who kidnapped and assaulted him. In that the jury acquitted appellant of the rape charge, appellant was not prejudiced by the admission of the victim's testimony on this issue. As to the kidnapping charge, the victim's testimony mirrored that of Barbara Perry, a witness who was presumed competent to testify. In that Barbara Perry's description of the kidnapping is identical to the victim's, it cannot be said that the outcome of the trial would have been different had the victim's testimony been excluded. It follows that appellant's counsel was not ineffective in failing to object to the victim's testimony. Appellant's first and second assignments of error are found not well-taken.
In his second and third assignments of error, appellant contends that the state did not prove the elements of burglary. The elements are as follows:
 "(A) No person, by force, stealth, or deception, shall do any of the following:
"* * *
 "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;" R.C. 2911.12(A)(2)."
Appellant contends that the state failed to prove the elements of force, stealth or deception. As a consequence, appellant contends that his motion for acquittal on the burglary charge should have been granted. Appellant also contends that there is insufficient evidence to support his burglary charge.
In determining whether the evidence requires a judgment of acquittal, Crim.R. 29(A) provides:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
Under that rule, a trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. It raises a sufficiency of the evidence issue, which the Supreme Court of Ohio has defined.
 "With respect to sufficiency of the evidence, `sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's law Dictionary (6ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486." State v. Thompkins (1997), 78 Ohio St.3d 380, 386; see State v. Bigelow (Dec. 11, 1998), Lucas App. No. L-97-1330, unreported.
In a videotaped interview of appellant that was played for the jury, appellant explained to Detective Morrow how he came into possession of a VCR. Appellant told Morrow that another man took him to a house at approximately 2:00 in the morning. The men went into the house through an unlocked back door. They used a flashlight to see in the house. Appellant told Detective Morrow that the only thing in the house he saw that he could sell was a VCR. Appellant then stated that he placed the VCR in a pillowcase and took it out of the house.
Regarding the burglary, Detective Morrow testified that appellant told him that he met up with a guy who:
 "* * * told him-Michael Ellis's words-he had some stuff that they could get. Michael Ellis went with this person to 1570 Western where they went into the house through the rear door, and he was inside for a while perusing around to see what he could take. He eventually decided he would take a VCR."
On cross-examination, the following exchange took place.
 "Defense attorney: He never told you he broke into a house, did he? He never said I broke into a house?
 "Detective Morrow: He didn't use those specific words.
"Defense Attorney: Right.
 "Detective Morrow: He told me he was in a house he shouldn't have been in.
 "Defense attorney: This was someone else's house?
"Detective Morrow: Correct."
"The use of stealth to enter an occupied structure has been characterized as `any secret, sly or clandestine act to avoid discovery and to gain entrance into or remain with a residence of another without permission.'" State v. Lamberson (March 19, 2001), Madison App. No. CA2000-04-012, unreported, citing State v. Lane (1976), 50 Ohio App.2d 41,47. The record shows that appellant, uninvited, entered a house through a backdoor in the middle of the night, armed with a flashlight and looking for something to steal. Finding that the state successfully proved the element of stealth, appellant's third and fourth assignments of error are not well-taken.
In his fifth assignment of error, appellant contends that the prosecutor committed misconduct in his closing argument. Specifically, appellant contends that the prosecutor purposely inflamed the passions of the jury when he instructed them to identify with Barbara Perry and the fear she must have felt when her nephew was taken.
The Ohio Supreme Court has held that prosecutors are granted wide latitude in closing arguments. State v. Maurer (1984), 15 Ohio St.3d 239,269. Appellant did not object to the prosecutor's closing argument; therefore, this assignment of error must be reviewed under the plain error standard discussed in appellant's first two assignments of error. Based on the testimony of the witnesses and the DNA stained bandanna that was admitted into evidence, we conclude that the outcome of this trial would have been the same irrespective of the prosecutor's closing remarks. Appellant's fifth assignment of error is found not well-taken.
In his sixth assignment of error, appellant contends that the cumulative effect of the errors raised in the first, second and fifth assignments of error was prejudicial. Having found appellant's first, second and fifth assignments of error not well-taken, we similarly find appellant's sixth assignment of error not-well taken.
In his seventh and final assignment of error, appellant contends that the court erred in sentencing appellant pursuant to R.C. 2929.12(B) which states:
 "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."
In sentencing appellant, the court stated:
 "The factors making these offenses more serious is that the victim suffered serous psychological harm, a seven-year-old boy taken blindfolded, locked in a closet, and one has to wonder what — what effect that will have on him as he grows older, and another factor is that the injury was exacerbated by the age of the victim, seven years old. There are no factors making this offense less serious."
Appellant contends that the court considered the age of the victim twice in sentencing appellant thereby giving one of the R.C. 2929.12
factors twice as much weight. We disagree with appellant's analysis. Our reading of the judge's sentencing shows that the judge considered factors (1) and (2) of R.C. 2929.12 separately. That is, the court found that (1) psychological harm had been done to the victim and that (2) such harm was exacerbated by virtue of the victim's age. Appellant's seventh assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.