Alice Robie Resnick, J.
The sole issue certified for our review is whether a trial court is under a mandatory duty to voir dire a witness on the question of the witness’s competency, when the witness is ten years or older at the time of trial but was under ten years of age at the time of the events giving rise to the witness’s testimony. For the reasons which follow, we answer that question in the negative.
Evid.R. 601 sets out the general rule of competency for all witnesses. It states:
“Every person is competent to be a witness except:
“(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly. * * * ”
*469 A plain reading of Evid.R. 601(A) leads to the conclusion that the competency of individuals ten years or older is presumed, while the competency of those under ten must be established. State v. Wallace (1988), 37 Ohio St.3d 87, 94, 524 N.E.2d 466, 472. “The rule favors competency, conferring it even on those who do not benefit from the presumption, such as children under ten, if they are shown to be capable of receiving ‘just impressions of the facts and transactions respecting which they are examined’ and capable of ‘relating them truly.’ ” Turner v. Turner (1993), 67 Ohio St.3d 337, 343, 617 N.E.2d 1123, 1128. As a result, absent some articulable concern otherwise, an individual who is at least ten years of age is per se competent to testify.
The presumption established by Evid.R. 601(A) recedes in those cases where a witness is either of unsound mind or under the age of ten. In such cases, the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency. This court established a test for determining competency in State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, syllabus, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629. There, we held that in determining whether a child under ten is competent to testify, the trial court must take into consideration: the child’s ability to receive accurate impressions of fact, the child’s ability to recollect those impressions, the child’s ability to communicate what is observed, the child’s understanding of truth and falsity, and the child’s appreciation of his or her responsibility to tell the truth. Once a trial judge concludes that the threshold requirements have been satisfied, a witness under the age of ten will be deemed competent to testify.
At this juncture, we note that our decision in Turner v. Turner, supra, included as dicta a discussion of the presumptions created by Evid.R. 601(A). First, we stated that the rule confers competency “even on those who do not benefit from the presumption * * 67 Ohio St.3d at 343, 617 N.E.2d at 1128. We then stated that in cases involving witnesses under the age of ten or of unsound mind, “the presumption is of incompetency * * * ” until proven otherwise. Id. Clearly the rule cannot create two opposing presumptions. Further reflection upon and review of the plain meaning of Evid.R. 601(A) leads us to clarify our discussion in Turner by stating that a witness under the age of ten is not presumed incompetent, but rather, the proponent of the witness’s testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully.
It is well settled that as the trier of fact, a trial judge is required to make a preliminary determination as to the competency of all witnesses, including children. State v. Wilson (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552. Absent an abuse of discretion, competency determinations of the trial judge will not be disturbed on appeal. See State v. Frazier, 61 Ohio St.3d at 251, 574 *470 N.E.2d at 486-487; State v. Boston (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220, 1228. In State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768, we determined “ ‘ “[t]he trial judge, who saw the children and heard their testimony and passed on their competency, was in a far better position to judge their competency than is this court, which only reads their testimony from the record * * *.” ’ ” Quoting Barnett v. State (1922), 104 Ohio St. 298, 301, 135 N.E. 647, 648. Furthermore, “ ‘[t]he term ‘abuse of discretion’ connotes more than an error of law or of judgment; it implies that the court’s attitude is unreasonable, arbitrary or unconscionable * * ” State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898; State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.
This court considered a case similar to the one at bar in Huprich v. Paul W. Varga & Sons (1965), 3 Ohio St.2d 87, 3 O.O.2d 61, 209 N.E.2d 390. In Huprich, the plaintiff sought to introduce the testimony of a thirteen-year-old boy concerning an automobile accident the boy had witnessed at the age of four.[1] Without conducting a voir-dire examination of the witness, the trial court deemed him incompetent to testify as to the events he had observed. The court of appeals reversed and this court affirmed, noting that the trial court arbitrarily decided to deny the request for a competency hearing. In disapproving the actions of the trial judge, the Huprich court reached two conclusions:
“1. Where a witness is over ten years of age when he testifies but was under ten at the time of the happenings about which he proposes to testify, the capability of such witness to receive ‘just impressions’ of such happenings must necessarily be determined as of the time of those happenings.
“2. Where a proffered witness is over ten years of age when he is called to testify but was only four years old at the time he witnessed happenings about which he proposes to testify, such witness is not as a matter of law incompetent to testify about such happenings. In such instance, the trial court should question the witness and consider any other proffered evidence as to his competency before determining whether such witness is or is not competent to testify.” Id. at paragraphs one and two of the syllabus.
The conclusions reached in Huprich stretch beyond the clear terms of Evid.R. 601(A). As discussed above, Evid.R. 601(A) creates a presumption of competency in favor of anyone who is at least ten years of age and is of sound mind. The rule *471 addresses competency as of the time of trial, not as of the time at which the incident in question occurred. If we were to require a dual evaluation of competency of those who have attained the age of ten, we would effectively be creating a requirement that is not contemplated by the plain meaning of Evid.R. 601(A). Furthermore, such a rule is unwarranted. Whether or not the testimony of one over the age of ten concerning an event which occurred before the age of ten is accurate is a credibility issue to be resolved by the trier of fact. Every credibility assessment hinges upon the perceived accuracy and truthfulness with which the testimony is given. As with any witness, opposing counsel will be given an opportunity to cross-examine the witness in order to challenge his or her ability to accurately recall the events. Therefore, once a child attains the age of ten, the presumption of competency created by Evid.R. 601(A) applies equally to that child witness as it would to any adult, regardless of when the events in question occurred.
In conclusion, we hold that under the plain meaning of Evid.R. 601(A), a child witness who is ten years of age or older at the time of trial, but who was under the age of ten at the time an incident in question occurred, is presumed competent to testify about the event. A trial judge, in the exercise of his or her discretion, may choose to conduct a voir-dire examination of the child witness if the judge has reason to question the child’s competency. The decision not to voir dire a child witness under such circumstances will be viewed under an abuse-of-discretion standard. In such cases, absent a compelling reason to act otherwise, the failure to conduct a voir-dire examination of a child witness who is over the age of ten at trial will not constitute reversible error. Hupriái v. Paul W. Varga & Sons, supra, is overruled to the extent that it is inconsistent with our holding in this case.
In the case at bar, sixteen-year-old Danyal Campbell testified concerning events which occurred while she was nine years old. Appellee never challenged Danyal’s competency to testify. The trial court’s decision to permit Danyal to testify without conducting a competency hearing rested soundly within the judge’s discretion. That discretion was not abused. The court of appeals erroneously found plain error when no error existed.
For the foregoing reasons, the judgment of the court of appeals is reversed, and the decision of the trial court is reinstated.

Judgment reversed.

Douglas, F.E. Sweeney and Pfeifer, JJ., concur.
Moyer, C.J., A.W. Sweeney and Wright, JJ., concur in judgment only.

. Huprich, decided prior to the adoption of Evid.R. 601, involved the application of R.C. 2317.01, which stated:
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”