[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Raising four assignments of error, defendant-appellant Robert Gale appeals from his conviction and sentence, following a jury trial, for the rape of a four-year-old girl, in violation of R.C. 2907.02(A) (1) (b).
In his first assignment of error, Gale contends the trial court erred in declaring the victim, then age five, to be competent to testify before the jury. The determination of competency, for purposes of Evid.R. 601(A), is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. See State v. Frazier (1991),61 Ohio St.3d 247, 250-251, 574 N.E.2d 483, 486-487; see, also,State v. Allard (1996), 75 Ohio St.3d 482, 496, 663 N.E.2d 1277,1289-1290. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See State v. Clark (1994), 71 Ohio St.3d 466,470, 644 N.E.2d 331, 335.
The record reveals that the trial court, with the assistance of the prosecutor and defense counsel, conducted a careful voir dire examination of the victim. See State v. Frazier, syllabus. The victim knew how old she was and could describe events and objects around her. She knew that she was in a courthouse and indicated that telling the truth was important. She indicated that she knew the difference between telling the truth and telling a lie, and that Jesus would want her to tell the truth. We hold that the trial court did not abuse its discretion in finding the victim competent to testify. The first assignment of error is overruled.
Gale's second assignment of error, in which he contends that the trial court erred in denying his request to appoint an expert witness to assist the jury in evaluating the victim's veracity and determining whether she was coached, is overruled. In light of the one-time contact between the victim and Gale, a person not previously known to her, and the careful cross-examination by defense counsel highlighting the limitations of the witness for the jury, we cannot say that the trial court abused its discretion by refusing to appoint an expert witness at the state's expense. See State v. Gersin (1996), 76 Ohio St.3d 491,493-494, 668 N.E.2d 486, 488; see, also, State v. Bloom
(1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph two of the syllabus.
Gale next contends that his conviction was against the manifest weight of the evidence adduced at trial, including evidence that Gale, a repairman working in the victim's home, cornered her in an entranceway and placed his penis in her mouth. The jury heard the testimony of the victim, her grandmother, and Gale, who took the stand in his own defense. As the weight to be given the evidence and the credibility of the witnesses were for the trier of the facts to determine, see State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus, our review of the entire record fails to persuade us that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541,546-547. The third assignment of error is overruled.
In his final assignment of error, Gale contends that the trial court erred in imposing the maximum sentence of incarceration for a felony of the first degree. The assignment of error is overruled as the trial court's finding that Gale had committed the worst form of the offense, a predicate to imposition of the maximum sentence, see R.C. 2929.14(C), was well supported by the record. R.C. 2953.08(G); see State v. Edmonson (1999), 86 Ohio St.3d 324,328-329, 715 N.E.2d 131, 135. The fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.