DECISION AND JOURNAL ENTRY
Defendant Donald F. Leyman has appealed from a judgment of the Medina County Common Pleas Court that found him guilty on charges of rape and gross sexual imposition. This Court affirms.
 I.
On September 16, 1998, Defendant was indicted by the Medina County Grand Jury for two counts of rape and two counts of gross sexual imposition. The indictment alleged that Defendant engaged in sexual conduct with his two minor stepchildren, Michael and Amber, both of whom were under the age of thirteen at the time of the incidents. The indictment further alleged that the incidents occurred during the fall of 1993 through 1995 and took place in Medina. Defendant pleaded not guilty and the matter proceeded to trial.
At trial, Michael identified Defendant as his stepfather. He testified that while Defendant was living with him, Defendant "put his wienie in [Michael's] butt[.]" Michael could not remember his age or which room he was in when Defendant committed the act. However, Michael remembered that he was standing up and that his pants and underwear were on the bottom of his shoes. Michael also testified that he told Defendant that it hurt, and that "[Defendant] said if it hurt, then he'll take it out." Michael stated that all of the sexual acts occurred when he was six, seven, and eight years old.
Ashley, Michael and Amber's stepsister, testified that over the 1996 Labor Day weekend, Amber told her about Defendant's actions. Ashley immediately told Marilyn Chapman, Amber and Michael's mother.
Marilyn Chapman testified that she married Defendant during 1991 and resided in New York with her two children, Michael and Amber. She left Defendant in New York and moved with her children to Medina during June of 1993. After reconciling their differences, Defendant moved to Medina to live with Marilyn and her family during August or September 1993. The family moved to several different residences with Defendant in Medina during 1994 and 1995. Although Marilyn filed for divorce during August of 1995, Defendant continued to reside with her until February of 1996.
Marilyn testified that during 1996 she eventually began dating her current husband, Brent Carpenter. She first learned of the allegations of sex abuse during Labor Day weekend of 1996. Confused about the situation, Marilyn called her divorce attorney, Larry Courtney. Mr. Courtney contacted Detective Bigam of the Medina City Police Department.
Detective Bigam telephoned Ms. May, a social worker for Children's Services, to set up an interview for Michael and Amber. Both Detective Bigam and Ms. May testified at trial that they did not ask the children any leading questions. During the interview, Michael disclosed allegations of anal penetration, manual stimulation, and oral sex between Defendant and Michael.
Ms. May referred the case to Dr. Mike Esson, a licensed psychologist. Dr. Esson diagnosed Michael and Amber with an adjustment disorder because both children exhibited fear of males and nightmares. He further stated that he would have changed the initial diagnosis to post-traumatic stress; however, the children stopped visiting him. Dr. Esson offered his expert opinion that a child who may have been sexually abused could suffer from both adjustment disorder and post-traumatic stress disorder.
On February 19, 1999, the jury returned the following verdict: guilty as to one count of the rape involving Michael, not guilty as to the other count of the rape involving Amber, and guilty as to both counts of gross sexual imposition. The trial court sentenced Defendant accordingly. Defendant timely appealed, asserting five assignments of error.[1] For ease of discussion, Defendant's first and second assignments of error have been consolidated.
 II. A. Assignment of Error Number One The trial court erred and thereby deprived [Defendant] of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by overruling [Defendant's] Crim.R. 29 motion for judgment of acquittal, as the State failed to offer sufficient evidence to prove each and every element of rape beyond a reasonable doubt.
 Assignment of Error Number Two The trial court erred and thereby deprived [Defendant] of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by finding Defendant guilty, as the verdict for the charge of Rape was not supported by evidence and was against the manifest weight of the evidence.
 In his first assignment and second assignment Defendant has asserted that his conviction of rape was not supported by the evidence presented at trial and that the verdict was against the manifest weight of the evidence. Specifically, Defendant has argued that the State failed to prove venue and penetration. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
As an initial matter, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations.State v. Gully (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gully, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
 Venue
Although the State must prove the venue of the crime beyond a reasonable doubt, it is not essential that the State prove venue in express terms. State v. Vrona (1988), 47 Ohio App.3d 145, 150. Venue is proper if all the facts and circumstances presented at trial prove beyond a reasonable doubt that the crime was committed in the county alleged in the indictment. Id. Further, R.C.2901.12 provides, in pertinent part, that:
 (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
* * *
 (G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction.
 (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:
 (1) The offenses involved the same victim, or victims of the same type or from the same group.
 (2) The offenses were committed by the offender in his same employment, or capacity, or relationship to another.[2]
 In the case at bar, the indictment alleges that Michael was raped sometime during the fall of 1993 to 1995. Michael testified that Defendant committed these acts when he was six, seven, and eight years old. The record reveals that Michael turned eight on June 19, 1993. From August 1993 to June 1994, both Michael and Defendant resided in Medina in the same residence. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove venue in Medina. As such, the jury did not lose its way in determining beyond a reasonable doubt that Defendant raped Michael in Medina during August 1993 to June 19, 1994. Defendant's argument that the State failed to prove venue is without merit.
 Rape
R.C. 2907.02(A)(1) provides, in pertinent part, that:
 No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 R.C. 2907.01(A) defines "sexual conduct" as "anal intercourse[.]" Moreover, "[p]enetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A). Evidence indicating that there was penetration by Defendant's penis between the child's buttocks is sufficient to support a finding that anal intercourse had been consummated. See State v. Hlavsa (May 18, 2000), Cuyahoga App. No. 76221, unreported, 2000 Ohio App. LEXIS 2106, at *5.
At trial, Michael testified that Defendant inserted his penis in Michael's buttocks. He stated that Defendant took it out because it hurt him. Michael testified that he was standing up and that his pants and underwear were on his shoes. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove that Defendant raped Michael. This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4-5. The jury was entitled to believe Michael's testimony. Additionally, Ms. May and Detective Bigam testified that Michael had disclosed the fact that Defendant sexually abused him. Dr. Esson also testified that Michael demonstrated characteristics of someone who may have been sexually abused. Because this is not an exceptional case in which the weight of the evidence warrants a new trial, Defendant's first and second assignment of error are overruled.
 B. Assignment of Error Number Three The trial court committed plain error by failing to exclude inadmissible and highly prejudicial testimony, the admission of which denied [Defendant] due process of law and a fair trial.
 In his third assignment of error, Defendant has argued that the trial court erred in failing to exclude the testimony of Dr. Esson. Essentially, Defendant has asserted that Dr. Esson's testimony was prejudicial because it corroborated the children's testimony that they were sexually abused. This Court disagrees.
As a preliminary matter, the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. See State v. Allen (1995), 73 Ohio St.3d 626, 633. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) State v. Bresson (1990),51 Ohio St.3d 123, 129.
Pursuant to Evid.R. 702 and 704, expert testimony on the ultimate issue of whether sexual abuse has occurred is admissible.State v. Gersin (1996), 76 Ohio St.3d 491, 494. An expert may not state his opinion as to the veracity of the statements of the child. State v. Boston (1989), 46 Ohio St.3d 108, syllabus. However, Boston does not exclude all testimony from an expert in a child sex abuse case. An expert may testify to provide additional support for the truth of the facts testified to by the child, or to assist the fact finder in assessing the child's veracity.State v. Stowers (1998), 81 Ohio St.3d 260, 263.
In the instant case, Dr. Esson testified that he had conducted a total of six therapy sessions with Michael and Amber. His initial diagnosis of Michael and Amber was that they suffered from an adjustment disorder. Dr. Esson stated that he would have changed his initial diagnosis to post-traumatic stress disorder, if the children had visited him for a longer time period. He further stated that both adjustment and post-traumatic stress disorder are appropriate diagnosis for a child who may have been sexually abused. After reviewing the testimony of Dr. Esson, this Court concludes that the trial court did not abuse its discretion. Dr. Esson's testimony was based on his observations of the children's behavior and his experience in observing other sexually abused children. Defendant's third assignment of error is overruled.
 C. Assignment of Error Number Four The trial court committed plain error under Crim.R. 52 by admitting into evidence testimony of the alleged child victims, the admission of which denied [Defendant] due process of law and a fair trial.
 In his fourth assignment of error, Defendant has argued that the trial court erred when it admitted into evidence the testimony of Michael and Amber because they were incompetent to testify. Defendant has also asserted that his trial counsel was ineffective because he should have objected to the testimony of the children. This Court disagrees.
Evid.R. 601 provides, in pertinent part, that:
 Every person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
 "Under the plain meaning of Evid.R. 601(A), a child witness who is ten years of age or older at the time of trial, but who was under the age of ten at the time an incident in question occurred, is presumed competent to testify about the event." State v. Clark (1994), 71 Ohio St.3d 466, paragraph one of the syllabus. The Ohio Supreme Court further stated that:
 A trial judge, in the exercise of his or her discretion, may choose to conduct a voir-dire examination of a child witness who is ten years of age or older if the judge has reason to question the child's competency. The decision not to voir dire a child witness under such circumstances will be viewed under an abuse-of-discretion standard. In such circumstances, absent a compelling reason to act otherwise, the failure to conduct a voir-dire examination of a child witness who is ten years of age or older at the time of trial will not constitute reversible error.
 Id. at paragraph two of the syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Bresson, 51 Ohio St.3d at 129.
At the time of the trial, Michael was thirteen years old and Amber was ten years old. Because both children were ten years of age or older, they were presumed competent to testify and Defendant's assertion that his counsel was ineffective is without merit.
Despite the fact that the trial court was not obligated, the record indicates that the trial court chose to conduct a voir dire
examination of Amber and found her competent to testify. The testimony of Michael and Amber further demonstrated their capacity to distinguish between the truth and a lie. For example, both stated that if they told a lie, they would "get in trouble." Based on the foregoing, the trial court did not abuse its discretion in finding Michael and Amber competent to testify. Defendant's fourth assignment of error is overruled.
 D. Assignment of Error Number Five The trial court erred by limiting [Defendant's] cross-examination of [Ms. May] and thereby deprived [Defendant] of his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
 In his fifth assignment of error, Defendant has argued that his constitutional right to confront a witness, Ms. May, was violated when the trial court limited the scope of her cross-examination. This Court disagrees.
Pursuant to Evid.R. 611(A), a trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence[.]" "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 611(B). The scope of cross-examination rests in the sound discretion of the trial judge. O'Brien v.Angley (1980), 63 Ohio St.2d 159, 163. This Court shall not overturn a decision absent a showing of an abuse of discretion. See Bresson, 51 Ohio St.3d at 129. As noted previously, an abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
In the present case, Defendant's counsel asked Ms. May if she was surprised that Amber had not testified that Defendant put chocolate on Michael's "wienie" and licked it. The State objected to the question on the grounds that Amber had testified yesterday, which the trial court sustained. Defendant's counsel then continued to question Ms. May. Based on the foregoing, this Court concludes that the trial court did not abuse its discretion in limiting the scope of Ms. May's cross-examination. The record indicates that Defendant had an opportunity to question Ms. May and was not restricted in rephrasing his question. Defendant also had an opportunity to cross-examine Amber's testimony concerning the alleged incident. Accordingly, Defendant's fifth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
[1] Because Defendant has not challenged his convictions for gross sexual imposition, this Court will not address them.
[2] Although the General Assembly amended Title 29, the new statute is not applicable in the instant case because the alleged incidents occurred prior to July 1, 1996.