{¶ 28} I agree with appellant that the trial court improperly admitted the statement made by her husband, Bradley, to Trooper Menges. The Supreme Court of Ohio explained the rule of spousal competency inState v. Adamson (1995), 72 Ohio St.3d 431, 433-435:
 "Evid.R. 601(B) governs the competency of spouses to testify against each other regarding criminal activity. The rule provides:
"`Every person is competent to be a witness except:
"`***
 "`(B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:
 "`(1) A crime against the testifying spouse or a child of either spouse is charged;
"`(2) The testifying spouse elects to testify.'
 "The focus of Evid.R. 601(B) is the competency of the testifying spouse; in contrast, R.C. 2945.42 focuses on the privileged nature of spousal communications:
 "`*** Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness ***.'
 "Thus, R.C. 2945.42 `confers a substantive right upon the accused to exclude privileged spousal testimony concerning a confidential communication ***.' State v. Rahman (1986), 23 Ohio St.3d 146, 23 OBR 315, 492 N.E.2d 401, syllabus. However, if the accused commits acts in the known presence of a third person, the accused may not assert the spousal privilege. Id. That is the case even if that third person is unable to testify. See State v. Mowery (1982), 1 Ohio St.3d 192, 1 OBR 219, 438 N.E.2d 897.
 "Spousal privilege and spousal competency are distinct legal concepts which interrelate and provide two different levels of protection for communications between spouses. Under R.C. 2945.42, an accused may prevent a spouse from testifying about private acts or communications. However, even when the privilege does not apply *** a spouse still is not competent to testify *** unless she specifically elects to testify. While the presence of a witness strips away the protection of the privilege, the protection provided pursuant to Evid.R. 601 remains.
 "*** While Evid.R. 601 was amended in 1991 to allow the spouse the decision as to whether to testify against the accused spouse (the decision formerly lay with the accused), the rule still contains important protections for the accused, since it deals with the competency of persons testifying against him.
 "The rule requires that the testifying spouse elect to testify against her spouse. An election is `the choice of an alternative[;] the internal, free, and spontaneous separation of one thing from another, without compulsion, consisting in intention and will.' Black's Law Dictionary (5 Ed. 1990) 517. Thus, under Evid.R. 601(B), a spouse remains incompetent to testify until she makes a deliberate choice to testify, with knowledge of her right to refuse.
 "Competency determinations are the province of the trial judge. State v. Clark (1994), 71 Ohio St.3d 466, 469, 644 N.E.2d 331, 334. Pursuant to Evid.R. 601(A), the trial judge must determine whether a child under ten is competent to testify by inquiring as to whether the child is capable of `receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.' See, also, State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483. Likewise, under Evid.R. 601(B), the judge must take an active role in determining competency, and make an affirmative determination on the record that the spouse has elected to testify. Just because a spouse responds to a subpoena and appears on the witness stand does not mean that she has elected to testify."
 {¶ 29} Bradley did not waive his right under Evid.R. 601(B) to not testify. Bradley refused to testify and was only called to the stand to communicate his refusal on the record. The 1894 and 1923 cases of Habertyv. State and Citizens Natl. Bank Co. v. Andrews, are inapposite here. In those cases, the defense called the spouse to give favorable testimony on behalf of the spouse-defendant. The Court ruled the prosecution could then cross-examine the spouse regarding unfavorable testimony as well; the incompetency of the witness was waived at that point. Moreover, these cases were decided prior to the adoption of as well as the amendment of Evid.R. 601(B).
 {¶ 30} I concur in judgment, though, because this was a bench trial and the trial judge is presumed to consider only properly admitted testimony. Columbus v. Guthmann (1963), 175 Ohio St. 282, paragraph three of the syllabus. Also, Smith admitted to Trooper Menges that she knew her husband's license was suspended and she, nonetheless, allowed him to drive her car. Smith claims this "confession" may not be admitted since these statements are the only evidence of the crime and are inadmissible under the "corpus delicti" rule. I disagree.
 "The corpus delicti of a crime consists of two elements, the act and the criminal agency of the act. Before an alleged confession is admitted, there must be `some evidence outside of the confession that tends to prove some material element of the crime charged.' This independent evidence need not equal proof beyond a reasonable doubt." (Citations omitted.) State v. Goff, 9th Dist. No. 21114, 2003-Ohio-1134, at ¶ 10.
 {¶ 31} Some of the material elements of the crime are that Bradley's license was suspended, that he was driving, and that Smith owned the car he was driving. All of these elements were proven apart from Smith's confession. Therefore, it was harmless error to admit Bradley's statements.