This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jerome Wells, appeals from his conviction in the Summit County Court of Common Pleas of one count of gross sexual imposition. This Court reverses and remands for a new trial.
 {¶ 2} Wells was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b). He allegedly engaged in sexual conduct with a child under thirteen years of age on or about December 9, 2001. The alleged victim of his crime, T.V., was five years old at the time the case proceeded to trial during May 2002. Prior to trial, because T.V. was less than ten years old, a hearing was held to determine whether she was competent to testify. Following an examination by the trial judge, the prosecutor and defense counsel, the trial court determined that T.V. was competent to testify.
 {¶ 3} Following a jury trial, Wells was convicted of the lesser included offense of gross sexual imposition. Wells appeals and raises five assignments of error.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING A FIVE (5) YEAR OLD CHILD COMPETENT TO TESTIFY PURSUANT TO EVID.R. 601 WHERE SHE CLEARLY WAS INCAPABLE OF RECEIVING JUST IMPRESSIONS OF FACTS AND DID NOT COMPREHEND THE CONCEPT OF A LIE OR ITS CONSEQUENCES."
 {¶ 4} Wells contends that the trial court erred in determining that five-year-old T.V., the alleged victim, was competent to testify because she was not capable of receiving just impressions of fact and did not understand the concept of a lie or the consequences of lying. Evid.R. 601(A) provides:
 "Every person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 5} The burden falls on the proponent of the witness to establish that the witness exhibits "certain indicia of competency."State v. Clark (1994), 71 Ohio St.3d 466, 469. In State v. Frazier
(1991), 61 Ohio St.3d 247, syllabus, the Supreme Court of Ohio set forth five factors that the trial court "must take into consideration" when determining whether a child under the age of ten is competent to testify:
 "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful."
 {¶ 6} These factors "are aimed at protecting the accused by ascertaining that a child witness is trustworthy." State v. Ulch
(Apr. 19, 2002), 6th Dist. No. L-00-1355.
 {¶ 7} At the hearing to determine whether T.V. was competent to testify in this case, the State failed to meet its burden of presenting sufficient evidence of T.V.'s competency. Specifically, there was not a sufficient inquiry into the fourth or fifth Frazier competency factors: the child's understanding of truth and falsity and the child's appreciation of his or her responsibility to be truthful. "[A] child may be competent to testify even though the child *** initially does not recognize the concept of truth, so long as the voir dire continues on to demonstrate that the child *** generally *** understands the concept of truthfulness." State v. Brooks (Oct. 26, 2001), 2nd Dist. No. 18502, quoting State v. Boyd (Oct. 31, 1997), 2d Dist. No. 97 CA 1.
 {¶ 8} In this case, however, after T.V. initially demonstrated that she did not understand the concepts of truth and falsity, the further voir dire on this issue was not sufficient to demonstrate that T.V. did, in fact, generally understand the concept of truthfulness or that she appreciated her responsibility to tell the truth. The trial court errs in finding a child witness competent without sufficient evidence before it to consider each of the five Frazier factors. SeeState v. Wilson (Feb. 18, 2000), 4th Dist. No. 99CA672. Because there was not an adequate demonstration on the fourth and fifth Frazier factors, the trial court erred in finding T.V. competent to testify.
 {¶ 9} It has been held that such a deficiency in the hearing on the child's competency can be cured if the child's subsequent testimony at trial demonstrates that the trial court was justified in finding the child competent to testify. See State v. Wilson, citing State v. Lewis
(1982), 4 Ohio App.3d 275. At the time T.V. testified at trial, however, the State failed to elicit any further testimony regarding her understanding of the concept of truthfulness. Consequently, the error could not have been cured by her later testimony.
 {¶ 10} Because there was insufficient evidence before the trial court to demonstrate that T.V. had an understanding of the concepts of truth and falsity or that she appreciated her responsibility to be truthful, the trial court exceeded the scope of its discretion by finding that she was competent to testify. See Frazier, 61 Ohio St.3d at 247, syllabus. The first assignment of error is sustained and the judgment is reversed and remanded for a retrial.
 {¶ 11} The remaining assignments of error have been rendered moot and will not be reached. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed and the cause is remanded for a new trial.
SLABY, P.J. CONCURS.