OPINION
{¶ 1} Michael D. Garrett entered a no contest plea to the fourth degree felony of possession of crack cocaine over one gram but less than five grams. Mr. Garrett was convicted by the trial court and sentenced to thirteen months incarceration with a suspension of his driver's license for six months. (Tr. 25). Mr. Garrett had moved to withdraw his plea prior to sentencing, which the court overruled. (Tr. 23). On appeal, Mr. Garrett, represented by counsel as he was at the trial phase, assigns as sole error the overruling of his motion to withdraw his no contest plea prior to sentencing.
 {¶ 2} A defendant does not have an absolute right to withdraw a plea, even prior to sentencing. The defendant must have a reasonable and legitimate basis for withdrawing a plea and the decision to grant or deny such a presentence motion is within the sound discretion of the trial court. State v. Xie (1992),62 Ohio St.3d 521, syllabi. Thus, the trial court's decision may not be overturned on appeal absent an abuse of its discretion, which requires that the record demonstrates that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466, 470.
 {¶ 3} Far from exhibiting an attitude or acting unconscionably, unreasonably, or arbitrarily, the record fully demonstrates the trial court acted very carefully and reasonably.
 {¶ 4} The plea and the sentence were both within the range of a plea bargain which the prosecuting attorney had announced to the court at the beginning of the initial hearing. In fact, the plea bargain allowed an incarceration of up to fifteen months. (Tr. 2). Defendant stated that he understood the bargain "completely" and also agreed to withdraw a motion to suppress he had previously filed. (Tr. 3-4). The court carefully explained to the defendant his maximum possible sentence and the defendant agreed that he understood it. (Tr. 5). The court also carefully explained the rights defendant was giving up by pleading no contest and the defendant and his attorney both signed the plea form. (Tr. 9-10). The court then found the defendant's plea was knowing and voluntary, found him guilty, and ordered a presentence investigation. (Tr. 11).
 {¶ 5} The hearing was extended to May 19 for the purpose of the court obtaining a presentence investigation report. At the beginning of the hearing, defendant admitted that "I've got an extensive record. I've been to the penitentiary." (Tr. 14). The court noted that the defendant's conviction of the fourth degree felony carries a presumption of a prison sentence and that it is the defendant's fourth felony conviction as an adult. (Tr. 15). The court then proceeded to list all of defendant's prior convictions whereupon defendant interrupted, arguing that he hadn't actually committed all those crimes. (Tr. 16-17). Specifically, the defendant denied he had been convicted of criminal damaging, whereupon the court ordered the defendant in custody until such time as it could check out his record and verify any such conviction. (Tr. 18-20).
 {¶ 6} The hearing was recommenced on May 23, 2003, at the beginning of which defendant moved to withdraw his plea and get another attorney. The defendant said he was being "sentenced unjustly because he didn't do the criminal damaging." (Tr. 22). The court carefully considered defendant's motion, but overruled it because the record shows, as the court said, that defendant had been convicted and indeed had pled guilty to criminal damaging. (Tr. 24).
 {¶ 7} Thus the only reason the defendant offered for his motion to withdraw his no contest plea was proven to be false. He even received a somewhat better than expected benefit of his plea bargain because he was sentenced to only thirteen months and the plea bargain had allowed his sentence of up to fifteen months. On the basis of the entire record, which we have carefully read, we can find no reason whatsoever for finding that the trial court committed an abuse of discretion.
 {¶ 8} The assignment of error is overruled, and the judgment is affirmed.
Judgment affirmed.
Fain, P.J. and Wolff, J., concur.