{¶ 27} I respectfully dissent from the majority opinion, since I believe its analysis with regard to appellant's first assignment of error is incorrect.
 {¶ 28} The majority opinion's quote from State v. Clark,71 Ohio St.3d 466 at 471, 1994-Ohio-43, is noteworthy. Therein, the supreme court stated that a child witness who is ten years orolder at the time of trial is presumed competent to testify. The victim in this case was twelve years old. Therefore, pursuant to Evid.R. 601(A), the juvenile court was not required to conduct a voir dire. Nevertheless, aware of the fact that the victim in this case had developmental problems, the court took the initiative to do so. This is hardly an abuse of discretion.
 {¶ 29} Similarly, a review of the transcript demonstrates that the trial court's voir dire was not "limited" but was actually quite extensive.
 {¶ 30} As the majority opinion acknowledges, after ascertaining that the victim understood the difference between the truth and a lie, the juvenile court "continued to question her capacity for understanding." During this exchange, the victim consistently interchanged her "months" with her "years." This did not render her incapable of receiving just impressions. In fact, after the victim demonstrated she understood the difference between "real" and "imaginary," appellant's trial counsel did not object when the court ruled the victim competent to testify. Thus, the entire voir dire reveals no abuse of discretion occurred.
 {¶ 31} The major weakness in the majority opinion's analysis is this: "contradictory" statements made by the victim during trial may have been pertinent to the weight to be given to her testimony, but they cannot be applied retrospectively by this court in order to call into question the original determination of competency. In re: Waldrop, Athens App. No. 04CA27, 2004-Ohio-5351, ¶ 11. Mentally-challenged persons seldom make the most compelling witnesses, but they do often make easy victims. This court must presume that the juvenile court considered the victim's credibility before arriving at its final adjudication. In other words, the adjudication itself cannot serve as a basis to render the court's original competency determination an abuse of discretion.
 {¶ 32} The flawed analysis set forth in the majority opinion further renders its disposition of this case extremely problematic. The juvenile court simply is instructed to "conduct a more complete competency hearing." What precisely constitutes a "more complete hearing" than the original? Moreover, does the instruction mean that if the court again determines the victim is competent, another complete trial is in order, or may the court, based upon that determination, protect the victim's interests and simply renew the delinquency adjudication?
 {¶ 33} In my view, the juvenile court in this case committed no abuse of its discretion; therefore, appellant's first assignment of error lacks merit, and should be overruled. Similarly, none of appellant's four other assignments of error presents any basis for this court to reverse his adjudication of delinquency.
 {¶ 34} I, accordingly, dissent. I would affirm the juvenile court's decision.