DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Patrick L. Fast, defendant below and appellant herein, pled "no contest" to a charge of trafficking a controlled substance in violation of R.C. 2925.03.
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED IN DENYING A MOTION FOR CONTINUANCE WHEN THE ACCRUSED REQUESTED TO HIRE PRIVATE COUNSEL CONTRA THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION[.]" [SIC] *Page 2 
 {¶ 3} On February 22, 2002, the Ross County Grand Jury returned an indictment charging appellant with trafficking in marijuana. For reasons that are unclear from the record, that indictment was not served on him until August 2006. Appellant pled not guilty to the charge.[1]
 {¶ 4} At the May 4, 2007 status hearing, appellant requested a continuance to retain private counsel.[2] Appellant argued that his existing counsel did not have his "best interest" at heart because he failed to sufficiently communicate with him during the course of the proceedings. However, in light of the impending trial date and the fact that the case had been pending for approximately nine months since the service of the indictment, the trial court denied appellant's request.
 {¶ 5} Appellant later reached an agreement with appellee to plead "no contest" in exchange for appellee's recommendation that he be given community control sanctions. On May 7, 2007, the trial court explained to appellant his constitutional rights, ascertained that his plea was voluntary, accepted appellant's pleas and found him guilty. Subsequently, the trial court sentenced appellant, inter alia, to serve two years community control and four days in county jail, with the jail time to be served on consecutive Sundays. This appeal followed.
 {¶ 6} Appellant asserts in his sole assignment of error that the trial court erred by denying his request for a continuance. Appellant contends that if he had additional *Page 3 
time to hire private counsel, he "may have" proceeded to trial rather than enter a no contest plea. We find no merit in appellant's argument.
 {¶ 7} First, an appellate court will reverse a trial court's judgment only if a "substantial right" has been abridged. See Crim.R. 52(A). Thus, a defendant must establish that he suffered actual prejudice as a result of a trial court's actions; appellate courts do not assume that actual prejudice has occurred. See State v. Brown (Sep. 6, 1994), Hocking App. No. 93CA20; State v. Lagore (Mar. 2, 1992), Ross App. No. 1719. In the case sub judice, appellant does not argue that the trial court's denial of his request for a continuance actually injured or prejudiced him, but hints that he "may have" proceeded to a trial if a continuance had been granted. We, however, must not reverse a judgment of conviction and sentence based on a mere hypothetical.[3]
 {¶ 8} Second, whatever disagreement appellant may have had with his counsel at the time of the status conference, that issue was apparently resolved by the time of the change of plea hearing. The "Petition to Enter No Contest Plea," that appellant signed, states that "I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help my attorney has given me." Further, nothing appears in the May 7, 2007 hearing transcript to indicate that appellant still desired new counsel or was dissatisfied with his counsel.
 {¶ 9} Finally, the decision whether to grant a continuance rests in a trial court's sound discretion. State v. Mason (1998),82 Ohio St.3d 144, 155, 694 N.E.2d 932; *Page 4 State v. Claytor (1991), 61 Ohio St.3d 234, 241, 574 N.E.2d 472;State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus. That decision should not be reversed on appeal absent an abuse of discretion. Carver v. Map Corp. (Sep. 18, 2001), Scioto App. No. 01CA2757; State v. Bomar (Oct. 23, 2000), Scioto App. No. 00CA2703;State v. Meredith (Jun. 22, 2000), Lawrence App. No. 99CA2. The phrase "abuse of discretion" means more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. See State v. Herring (2002), 94 Ohio St.3d 246, 255,762 N.E.2d 940; State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331; State v. Adams (1980), 60 Ohio St.2d 151, 157,404 N.E.2d 144.
 {¶ 10} For those reasons we discussed above, we do not believe that appellant has established that the trial court abused its discretion in this matter. If a break-down in communication occurred between appellant and his counsel, he had nine months to bring that issue to the trial court's attention. Additionally, whatever problem appellant had with his attorney at the status conference hearing was apparently resolved by the time of the change of plea hearing when he expressed no displeasure with counsel. In any event, no prejudice has been established as a result of the trial court's decision.
 {¶ 11} Therefore, we find no merit in appellant's assignment of error and it is hereby overruled and the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] There is no indication in the record that appellant fled Ross County or did anything of that nature. A transcript of a hearing on his motion to dismiss for violation of speedy trial time indicates that service may have been attempted several times at an old address, but appellant had apparently moved.
[2] The trial court appointed a Public Defender to represent appellant.
[3] Appellant's brief cites the first page of the change of plea hearing transcript to support the proposition that he "felt pressured to plead no contest to the charges." We have reviewed that page, and find nothing to support his claim. A trial court would not have proceeded with a change of plea absent further discussion and explanation if a defendant informed the court he "felt pressured" into the agreement.
 *Page 1