OPINION *Page 2 
{¶ 1} This matter is on appeal from the trial court's finding that appellant, Bradley Green, is competent to stand trial. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant was bound over from the Guernsey County Juvenile Court to the Guernsey County Court of Common Pleas. On July 10, 2006, appellant was indicted by the Guernsey County Grand Jury on three counts of robbery in violation of R.C. 2911.02(A)(3), each a third degree felony, one count of theft in violation of R.C. 2913.02, a first degree misdemeanor, one count of felonious assault, in violation of R.C. 2903.11(A)(2), a second degree felony and one count of domestic violence in violation of R.C. 2919.24(A), a third degree felony in case number 06CR000101.[1] On October 26, 2006, appellant was indicted on four counts of rape of a child less than ten years of age in 07CR000003.[2]
 {¶ 3} Appellant filed a suggestion of competency. The trial court ordered appellant to undergo a competency evaluation in both cases. On August 25, 2006, in case number 06CR000101, the trial court found appellant not competent to stand trial but restorable to competency. Appellant was placed at Heartland Behavioral Healthcare Facility for restoration to competency.
 {¶ 4} On March 24, 2007, in case number 06CR000101, appellant was found by the Heartland Behavioral Health Facility to be restored to competency.
 {¶ 5} On April 24, 2007, the trial court held an evidentiary hearing concerning appellant's competency to stand trial. After the hearing, the trial court found appellant to *Page 3 
be incompetent and appellant was placed at Twin Valley Behavioral Healthcare to be restored to competency.
 {¶ 6} On August 7, 2007, Twin Valley Behavioral Healthcare found appellant restored to competency. On October 31, 2007, the trial court held an evidentiary hearing concerning appellant's competency to stand trial. On November 13, 2007, the trial court found appellant restored to competency. The trial court also consolidated cases 06CR000101 and 07CR000003 for purposes of this appeal.
 {¶ 7} It is from the competency decision that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT'S FINDING THAT THE DEFENDANT HAD BEEN RESTORED TO COMPETENCY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT HAD BEEN RESTORED TO COMPETENCY TO STAND TRIAL.
 {¶ 10} "III. THE TRIAL COURT'S FINDING THAT THE DEFENDANT HAD BEEN RESTORED TO COMPETENCY TO STAND TRIAL VIOLATES THE DEFENDANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."
 I, II, III, {¶ 11} Appellant's first, second, and third assignments of error are interrelated and shall be considered together. In these three assignments of error appellant challenges the trial court's determination that appellant has been restored to competency and is competent to stand trial. *Page 4 
 {¶ 12} A criminal defendant's competency to stand trial is governed by R.C. 2945.37 which states in pertinent part as follows:
 {¶ 13} "A defendant is presumed competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial * * *." R.C. 2945.37(G).
 {¶ 14} An appellate court will not disturb a competency determination if there was "some reliable, credible evidence supporting the trial court's conclusion that [the defendant] understood the nature and objective of the proceedings against him." State v. Williams (1986),23 Ohio St.3d 16, 19, 490 N.E.2d 906. The adequacy of the "data relied upon by the expert who examined the [defendant] is a question for the trier of fact." Id. Moreover, a trial court's decision on competency will not be disturbed absent an abuse of discretion. State v. Clark,71 Ohio St.3d 466, 469, 1994-Ohio-43, 644 N.E.2d 331. An "abuse of discretion" requires more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 470,644 N.E.2d 331.
 {¶ 15} In the case sub judice, on April 24, 2007, after an evidentiary hearing, the trial court found appellant incompetent and placed appellant at Twin Valley Behavioral Healthcare to be restored to competency. On or about August 7, 2007, Dr. Soehner a forensic psychiatrist at Twin Valley Behavioral Healthcare found appellant restored to competency. Dr. Soehner performed an independent evaluation of appellant's *Page 5 
competency in accordance with R.C. 2945.37 and prepared a Competency Restoration Report in accordance with R.C. 2945.38(B).
 {¶ 16} On October 31, 2007, the trial court conducted appellant's competency hearing. Dr. Soehner's Competency Restoration Report was stipulated into evidence. In Dr. Soehner's opinion, appellant was sane and competent to stand trial with respect to the standard set forth in R.C. 2945.37. Dr. Soehner stated that appellant is capable of understanding the nature and objectives of the proceedings against him and assisting his counsel in his own defense.
 {¶ 17} Dr. Soehner testified that he evaluated the appellant on July 30, 2007, and August 2, 2007. He stated that, at the time of the evaluation, the appellant was eighteen years of age. He stated that appellant had been diagnosed with Tourette's, attention deficit disorder, hyperactivity disorder, an anti-social personality disorder and mild mental retardation with an IQ level of 56-65. He stated that, at the time of the evaluation, appellant's Tourette's was under control and in partial remission.
 {¶ 18} Dr. Soehner testified that, during the interviews, appellant was verbal and cooperative. He stated that appellant's thought process was concrete, i.e. that appellant gave basic answers to simple questions. He stated that appellant knows the consequences of his actions but may choose to ignore them or may believe that he can get away with the behavior.
 {¶ 19} Dr. Soehner testified that the appellant was competent to stand trial and assist in his own defense. He stated that appellant is able to participate appropriately if his attorney speaks to him in a vocabulary the appellant can understand and requires the appellant to repeat the information back to determine that appellant has a complete *Page 6 
understanding of the content. He testified that during voir dire appellant would be able to assist in challenging jurors. He stated that with preparation and assistance of counsel, appellant was capable of taking the stand in his own defense. Finally, he stated that appellant has a fair knowledge of court rules and procedure.[3] Essentially, he found that, if the trial process proceeded slowly, the appellant was capable of understanding the proceedings and participating in his own defense.
 {¶ 20} In the judgment entry, which found appellant was competent to stand trial, the trial court stated:
 {¶ 21} "Based upon this state of the record, the Court finds that the testimony and report of Dr. Soehner before the Court is contradicted by the demeanor of the Defendant in the Courtroom where Defendant displays noticeable "tics" or rapid movements of head and neck and often appeared to speak or issue guttural sound. Further, the Defendant (according to the reports before the Court) is predisposed to act out in the Courtroom if he becomes upset. However, according to the expert testimony before the Court, all the Court must do to overcome this is to slow the proceedings of the trial down and carefully explain things to the Defendant to ensure he understands.* * *"
 {¶ 22} The Court further noted: "competency to stand trial is a fluid ongoing situation and the issue of Defendant's competency to stand trial may be raised at any time and may be raised after the trial commenced on the Court's own motion." (See Revised Code Section 2945.37). *Page 7 
 {¶ 23} "This Court, therefore, reluctantly follows its duty under the Ohio Revised Code and now proceedings [sic] to schedule this case for trial."
 {¶ 24} Based upon the information in the record, we find that the trial court did not abuse its discretion in finding the appellant competent to stand trial. We find that the trial court gave careful consideration to the expert's oral and written opinions, the past history of the case and the demeanor of the appellant during the competency hearing. The expert's opinion was that appellant understood the nature of the proceedings and could participate in his own defense. The trial court has also made it clear that appellant's competency is an ongoing issue that may be raised at any time during the proceedings.
 {¶ 25} Accordingly, appellant's first, second and third assignments of error are not well taken and are hereby overruled.
 {¶ 26} The judgment of the Guernsey County Court of Common Pleas is hereby affirmed.
Edwards, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The victim in these alleged offenses is appellant's mother.
[2] The victim in these alleged offenses is appellant's sister.
[3] Appellant passed a quiz on court rules and procedures. Appellant correctly answered 31 of 39 questions. *Page 1