[Cite as *State v. Feliciano*, 2013-Ohio-5688.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JUAN G. FELICIANO | : | Case No. 13-COA-021 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　Appeal from the Ashland County
　　　　　　　　　　　　　　　　　　　　Court of Common Pleas, Case No.
　　　　　　　　　　　　　　　　　　　　11-CRI-105

JUDGMENT:　　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT:　　　　　　　　December 6, 2013

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

RAMONA FRANCESCONI ROGERS　　THOMAS L. MASON
Prosecuting Attorney　　　　　　　　　Mason, Mason & Kearns
　　　　　　　　　　　　　　　　　　　　P.O. Box 345
By: PAUL T. LANGE　　　　　　　　　153 West Main Street
Assistant Prosecuting Attorney　　　　Ashland, OH 44805-0345
110 Cottage Street, Third Floor
Ashland, OH 44805

*Baldwin, J.*

{¶1}  Defendant-appellant Juan Feliciano appeals from the June 7, 2013 Judgment Entry of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On November 3, 2011, a Bill of Information was filed alleging that appellant  had committed the offenses of attempted abduction in violation of R.C. 2923.02(A) and 2905.02(A)(2), a felony of the fourth degree, and vandalism in violation of R.C. 2909.05(B)(1)(d), a felony of the fifth degree. Appellant, on November 7, 2011, entered a plea of guilty to both offenses and the trial court ordered that a pre-sentence investigation be conducted.

{¶3}  Pursuant to a Judgment Entry filed on January 4, 2012, appellant was sentenced to a total of 270 days in jail. Appellant also was placed on community control under specified terms and conditions upon his release from jail. He was ordered to obtain and maintain employment.

{¶4}  On April 29, 2013, an alleged community control violations complaint was filed against appellant by a Probation Officer. The Officer, in the complaint, alleged that appellant had violated the terms and conditions of his community control by acting in a disorderly manner at a bar, by consuming alcoholic beverages, and by not abiding by his curfew. The complaint alleged that, on April 26, 2013 at 1:46 a.m., appellant was arrested outside of a bar and was charged with disorderly conduct. Appellant allegedly was so drunk that he had to use a street sign to keep his balance and he was unable to

tell a Sergeant his address.  The complaint further asserted that appellant was belligerent and uncooperative with law enforcement.

{¶5}    At a hearing on May 13, 2013, appellant admitted that he had violated the terms and conditions of his community control as alleged and the trial court found that he had violated the same. A sanctioning hearing was scheduled for June 3, 2013. Pursuant to a Judgment Entry filed on June 7, 2013, the trial court ordered, in part, that appellant remain on community control, that he serve sixty (60) days in jail, and that, upon his release from jail, he enter a halfway house in Mansfield, Ohio provided that he was admitted to the same.

{¶6}    Appellant now raises the following assignment of error on appeal:

{¶7}    THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING AN ORDER PURSUANT TO A COMMUNITY CONTROL VIOLATION THAT WOULD CAUSE APPELLANT TO LOSE HIS JOB.

I

{¶8}    Appellant, in his sole assignment of error, argues that the trial court abused its discretion in ordering him, as a condition of community control, to enter a halfway house in Mansfield, Ohio. Appellant contends that because his job as a dishwasher is on the outskirts of Ashland, Ohio, "the forced move to Mansfield would cost him his job." We note that appellant does not argue that his sentence was contrary to law.

{¶9}    As an initial matter, we concur with appellee that appellant does not have the right to pursue this issue on appeal.  Appellant had not alleged that his sentence is

contrary to law or any of the other grounds for an appeal as a matter of right which are set forth in R.C. 2953.08.

{¶10} Moreover, we find that the trial court did not abuse its discretion in ordering appellant to enter a halfway house. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark,* 71 Ohio St.3d 466, 470, 1994 -Ohio- 43, 644 N.E.2d 331.

{¶11} In the case sub judice, the pres-sentence investigation report indicated that appellant was intoxicated when he assaulted the victim in this case, who was appellant's girlfriend. As a result, the charges in this case were filed. Moreover, while he was on community control, appellant, on April 26, 2013 at 1:46 a.m., was arrested for disorderly conduct at a bar. Appellant was intoxicated, was belligerent and refused to cooperate with law enforcement. Appellant admitted to the community control violation charges that were filed as a result of such incident and pleaded no contest in the disorderly conduct case that was filed. Furthermore, appellant had previous a previous alcohol-related offense (DUI) in 2009 and reported that he needed help with alcohol. He also had three disorderly conduct offenses since 2008.

{¶12} We concur with appellee that, by placing appellant in a halfway house, the trial court "was attempting to add an additional level of supervision over the Appellant to ensure that he does not continue to abuse substances and thereby continue to violate the terms of his community control sanctions." We find that the trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶13} Appellant's sole assignment of error is, therefore, overruled.

{¶14}  Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

 

 

 

_____
HON. CRAIG R. BALDWIN

 

 

_____
HON. WILLIAM B. HOFFMAN

 

 

_____
HON. PATRICIA A. DELANEY

 

CRB/dr

[Cite as *State v. Feliciano*, 2013-Ohio-5688.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JUAN G. FELICIANO | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13-COA-021 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY