JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Antonio Powell ("Powell") appeals from the decision of the Cuyahoga County Court of Common Pleas which found him guilty of possession of less than one gram of crack cocaine in violation of R.C. 2925.11, possession of less than five grams of cocaine in violation of R.C. 2925.11, and possession of criminal tools in violation of R.C. 2923.24. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Two Cleveland police detectives were investigating complaints of drug activity at 1317 West 87th Street in Cleveland. They were given a description of the suspected drug dealer as being a black male 5'8" to 5'9" tall and 180 to 190 pounds. They conducted surveillance at the house at various times of the day for several days. A confidential reliable informant ("CRI") was used to make a drug purchase inside the house. The CRI returned with a twenty-dollar piece of crack cocaine.
 {¶ 3} The detectives executed a search warrant on the house, confiscating several items and finding its sole occupant at the time to be Marceda Byrd, Powell's girlfriend. Byrd was found in the bedroom of the residence. She told them that Powell lived in the house and that she was merely staying over but did not live there.
 {¶ 4} In that bedroom, detectives discovered several baggies of cocaine and evidence of cocaine on the window sill. In the kitchen of the residence, they found several pieces of crack cocaine, a digital scale and a utility knife containing cocaine residue, and a bowl containing a piece of crack cocaine. They also found several pieces of mail addressed to Antonio Powell at 1317 West 87th Street.
 {¶ 5} Powell was indicted on four counts relating to violations of Ohio drug laws: count one, possession of crack cocaine; count two, trafficking crack cocaine; count three, possession of crack cocaine; and count four, possession of criminal tools.
 {¶ 6} The jury found Powell guilty on counts one, three, and four, and not guilty on count two. Powell advances four assignments of error for our review.
 {¶ 7} "I. Antonio Powell has been deprived of his liberty without due process of law by his convictions for possessing drugs and possessing criminal tools, as none of the convictions were supported by sufficient evidence to prove his guilt beyond a reasonable doubt."
 {¶ 8} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261:
 {¶ 9} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 10} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court held that "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 11} Powell argues that the evidence at trial was insufficient to sustain a conviction. He points to the following facts as establishing the insufficiency of the evidence: the description given to police did not match his physical characteristics, he was not present when the search was conducted at his residence that resulted in the discovery of cocaine, other people lived at the house, and he did not possess cocaine.
 {¶ 12} While it is true that the description given to police did not match Powell's actual physical characteristics,[1] both detectives identified Powell in court as the person they observed going in and out of the house and speaking on his cell phone in front of the house during their week-long surveillance. Disparities in physical descriptions are not uncommon in criminal cases.
 {¶ 13} Powell was not present at the home when it was searched, but Byrd informed police that he had just been there an hour before. Powell was receiving mail at the home; his clothes were found at the home; he was seen going in and out of the home; and his car was regularly parked at the home. In addition, the CRI purchased cocaine from a man inside the home, while the police, during their surveillance, never saw any other male besides Powell enter or leave the home.
 {¶ 14} Powell argues that "the evidence cannot exclude the possibility that the drugs found in the house belonged to [someone else]." Powell cites no authority for an "exclusion of possibility" requirement under a sufficiency of the evidence analysis, and we decline to extend such a requirement here.
 {¶ 15} The state is not required to eliminate all possibilities regarding interpretations of the evidence to meet the sufficiency standard. We find that, if believed, the evidence presented at trial was sufficient for a finding of guilt by the jury. This assignment of error is overruled.
 {¶ 16} "II. Antonio Powell was deprived of his constitutional right to a fair trial before a jury, by the trial court, which improperly defined one of the crucial elements of the crime charged."
 {¶ 17} Specifically, Powell argues that "the trial court instructed the jury improperly as to the definition of constructive possession." The pertinent part of the trial court's instruction is as follows:
"Possession. Possess or possession means having control over a thingor substance but may not be inferred solely from mere access to the thingor substance through ownership or occupation of the premises upon whichthe thing or substance is found. Possession may be actual orconstructive. The State has not alleged the Defendant had actualpossession of the drugs.
 "Constructive possession. Constructive possession is also sufficientto prove possession. Possession may not be inferred from mere access tothe thing. However, a person constructively possesses a thing orsubstance when he knowingly exercises or is able to exercise dominion orcontrol over the thing or substance even though the thing or substance isnot in his physical possession. Knowledge of illegal goods upon one'sproperty is sufficient to show constructive possession. However, the merefact property is located on the premises does not of itself. (sic) Itmust also be shown the person was conscious of the presence of theobject."
(Emphasis added).
 {¶ 18} Powell argues the trial court erred by including in its jury instruction the following statement: "Knowledge of illegal goods upon one's property is sufficient to show constructive possession." Powell failed to object to this instruction at trial; therefore, we review this claimed error using a plain error standard.
 {¶ 19} "Error is not plain error unless the outcome of an accused's trial clearly would have been otherwise, but for the error. The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt determining process. Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Buehner, Cuyahoga App. 81722, 2003-Ohio-3348.
 {¶ 20} The Ohio Supreme Court, in State v. Hankerson (1982),70 Ohio St.2d 87, found constructive possession could be established by ownership of premises and knowledge of stolen property on those premises.
 {¶ 21} In Hankerson, "Lorette and Joseph Hankerson owned the premises * * * and had dominion and control of the home, including the second floor room of their son Donald over whom they exercised parental custody, control and responsibility." While the court in Hankerson
recognized that "constructive possession requires a showing of conscious possession," it found testimony "that the [stolen property was] in plain view in [their son's room was sufficient for the] trier of fact [to] infer from the appellants' ownership, dominion and control of the premises, and the facts of normal family home occupancy, that the appellants had knowledge that the subject property was in the second floor room."
 {¶ 22} Here, while Powell was not present when his residence was searched, illegal drugs were found in plain view in his kitchen and bedroom. In accordance with Hankerson, the jury was entitled to infer from Powell's dominion and control of the premises and the facts of normal home occupancy that he had knowledge that the illegal drugs were in his kitchen and bedroom. Hankerson, supra. (See also, State v.Pearson (Mar. 17, 1983), Cuyahoga App. No. 44550, "Knowledge of illegal goods on one's property can suffice for possession"; and State v. Mann
(1993), 93 Ohio App.3d 301, "The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession [and] we note that the * * * law regarding possession is aptly articulated in 4 Ohio Jury Instructions (1993), Criminal, Section 409.50.") Powell's knowledge permitted the jury to find Powell constructively possessed the drugs found in plain view in his residence.
 {¶ 23} Powell also argues that the court erred when it varied its instruction from that listed in Ohio Jury Instructions, Criminal, Section 409.50.
 {¶ 24} In Cruze v. Corning (Nov. 17, 2000), Darke County App. No. 1520, Corning alleged error after the trial judge instructed the jury in a way that varied from the exact language contained in the pertinent section of Ohio Jury Instructions. The response to that argument was as follows: "It is significant that the [Ohio Jury Instructions] project is a voluntary, joint effort by the judiciary. The committee has no authority that implies approval of the instructions or requires their use. Complete freedom of choice by the trial judge is essential to the orderly development of this phase of instructional administration of justice. Preface to Ohio Jury Instructions Volume One (1968)." Cruze, supra. Likewise, we find no abuse of discretion or error merely because the trial judge varied his instruction from that printed in Ohio Jury Instructions. The trial court's instruction here substantially complies with that which the Ohio Supreme Court and other appellate courts have found permissible. In accordance with those holdings, we find no error in the trial court's instruction. This assignment of error is overruled.
 {¶ 25} "III. Antonio Powell was deprived of his constitutional right to a fair trial before an unbiased jury, when the trial court permitted the jury to ask questions of the witnesses during the trial."
 {¶ 26} The trial court permitted jurors to submit written questions for witnesses after their testimony. The trial court reviewed the questions, permitted counsel an opportunity to record objections to the questions, and asked those questions it found appropriate. The Ohio Supreme Court, in State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, resolved a conflict among various appellate districts on the issue of the inherent prejudice of permitting juror questions.
 {¶ 27} "* * * [W]e hold that the practice of allowing jurors to question witnesses is a matter committed to the discretion of the trial court. To minimize the danger of prejudice, however, trial courts that permit juror questioning should (1) require jurors to submit their questions to the court in writing, (2) ensure that jurors do not display or discuss a question with other jurors until the court reads the question to the witness, (3) provide counsel an opportunity to object to each question at sidebar or outside the presence of the jury, (4) instruct jurors that they should not draw adverse inferences from the court's refusal to allow certain questions, and (5) allow counsel to ask followup questions of the witnesses." Fisher, supra.
 {¶ 28} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,1994-Ohio-43. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135. With this standard in mind, we review the matter before us.
 {¶ 29} Although the trial court was acting prior to the decision in the Fisher case, it complied with the Fisher requirements by requiring the questions be submitted in writing, permitting the attorneys to object to questions at sidebar as they felt appropriate, instructing jurors not to feel slighted if their question was not asked of the witness, and only then permitting the question to be asked of the witness. In light of this, we find the trial court did not abuse its discretion in permitting the jurors to submit questions for witnesses. This assignment of error is overruled.
 {¶ 30} "IV. Trial counsel's deficient representation on several important issues denied Antonio Powell of his constitutional right to effective assistance of counsel."
 {¶ 31} Powell argues that he received ineffective assistance of counsel because his attorney did not object to the trial court's jury instruction on constructive possession and the court's decision to permit jurors to ask questions of witnesses. Neither of these decisions by the trial court were error as discussed in Powell's second and third assignments of error.
 {¶ 32} "To prove ineffective assistance of counsel, a defendant must show that his lawyer's representation fell below reasonable professional standards, and that he was prejudiced as a result. The `professional standards' element normally focuses on whether the lawyer's conduct should be viewed as an error or as a reasonable strategic decision, while prejudice is shown if, but for the lawyer's errors, there is a reasonable probability the outcome of the trial would have been different." State v. Wente, Cuyahoga App. No. 81850, 2003-Ohio-3661.
 {¶ 33} Since we have determined that the trial court did not commit error as discussed in Powell's second and third assignments of error, it logically flows that his trial counsel's representation did not fall below reasonable professional standards in failing to object to those same claimed errors. This assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J., and JAMES D. SWEENEY, J.,*
concur.
[1] At trial one of the detectives estimated Powell at nearly six feet tall and weighing in excess of 200 pounds.
* Sitting by Assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.