OPINION
{¶ 1} Defendant-appellant Michael Godbolt appeals from his conviction and sentence in the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 5, 2002, Michael Godbolt [hereinafter appellant] was indicted on two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(a), felonies of the fifth degree. The charges arose from the following allegations. On November 19, 2002, a paid confidential informant working for the Central Ohio Drug Enforcement Task Force made contact with appellant at a Licking County, Ohio, residence.[1] During the encounter, appellant sold the confidential informant crack cocaine. The informant then left the residence and surrendered the cocaine to the controlling officers. The informant was then provided with additional marked buy money by the officers and returned to the residence. Upon her return, the confidential informant made a second purchase of crack cocaine from appellant. Upon arrest, appellant was found to have marked buy money on his person.
 {¶ 3} A jury trial was held on March 25, 2003. Appellant appeared before the jury attired in a jail "jump suit."
 {¶ 4} On March 26, 2003, the jury returned a verdict of guilty on both charges. Appellant was then sentenced to nine months of incarceration on each count. The trial court ordered that the sentences be served consecutively.
 {¶ 5} It is from appellant's conviction and sentence on the two counts of trafficking in crack cocaine that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court committed plain and harmful error in allowing the matter to proceed to trial with the defendant-appellant attired in a jail `jump suit.'
 {¶ 7} "II. The defendant-appellant was denied the effective assistance of trial counsel through the failure of trial counsel to object to the matter proceeding to trial when the defendant-appellant was attired in a jail `jump suit.'
 {¶ 8} "III. The trial court committed harmful error in sentencing the defendant-appellant to consecutive sentences on the two counts contained in the indictment."
 I {¶ 9} In the first assignment of error, appellant contends that the trial court committed plain error when it allowed the matter to proceed to trial with appellant attired in a jail jump suit. We disagree.
 {¶ 10} Appellant bases his argument primarily upon Estellev. Williams, (1976), 425 U.S. 501, 96 S.Ct. 1691,48 L.Ed.2d 126. In Estelle v. Williams, the United States Supreme Court stated that a juror's judgment might be affected by a defendant's appearance in prison clothing, but it refused to establish a bright-line rule that a conviction must be overturned when an accused wore jail clothing at trial. "Instead, the inquiry must focus on whether the accused's appearance before the jury in jail clothes was compelled." State v. Dorsey (Apr. 23, 1998), Cuyahoga No. 72177 (citing Estelle, supra). The Estelle court stated as follows,
 {¶ 11} "The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." Estelle, supra, at 508.
 {¶ 12} Appellant contends that this court must conclude that appellant did not choose to appear in a jail jump suit. However, we find that the record fails to demonstrate that appellant was compelled to wear jail clothing during the trial. Trial counsel addresses appellant's attire during the voir dire of the jury but gives no indication that appellant was compelled to wear jail attire.
 {¶ 13} In fact, there is no objection to appellant's attire on the record. Thus, we may not reverse the conviction unless we find plain error. In criminal cases, plain error is governed by Crim.R. 52(B) which states:
 {¶ 14} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An alleged error "does not constitute a plain error . . . unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. See, also, State v. Thompson (1987), 33 Ohio St.3d 1, 10,528 N.E.2d 542; State v. Williford (1990), 49 Ohio St.3d 247, 253,551 N.E.2d 1279 (Resnick, J., dissenting). In this case, we find no plain error.
 {¶ 15} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 16} In the second assignment of error, appellant argues that appellant was denied effective assistance of trial counsel when trial counsel failed to object to the matter proceeding to trial when appellant was attired in a jail jump suit. We disagree.
 {¶ 17} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 18} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 19} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra, at syllabus at paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The United States Supreme Court and the Ohio Supreme Court have both held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, 42 Ohio St.3d at 143, 538 N.E.2d 373
(citing Strickland, 466 U.S. at 697).
 {¶ 20} We do not find that trial counsel's failure to object constitutes ineffective assistance of counsel. As stated previously, there is no indication that appellant was required to wear jail attire. As such, the wearing of jail attire could be considered a trial strategy. Appellant's counsel may have been attempting to invoke a sense of sympathy for appellant's plight as indicated by his comments to the jury during voir dire.[2] See Estelle, supra. at 508. "Judicial scrutiny of counsel's performance is highly differential, and reviewing courts must refrain from second guessing the strategic decisions of trial counsel." State v. Sallie (1998), 81 Ohio St.3d 673,674, 693 N.E.2d 267. Trial strategy or tactical decisions cannot form the basis for a claim of ineffective counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.
 {¶ 21} Further, appellant failed to show that he was prejudiced by the jail attire. The evidence against appellant was overwhelming. Appellant was identified by a confidential informant as the man from whom she purchased crack cocaine. Upon arrest, appellant was found to have marked buy money on his person. An undercover law enforcement officer observed appellant arrive at the residence where the transaction occurred and subsequently overheard the informant purchase crack cocaine from a male via a body wire worn by the confidential informant. Evidence confirmed that appellant was the male in the residence with the informant.
 {¶ 22} Accordingly, we find that appellant has failed to show that he received ineffective assistance of trial counsel. Appellant's second assignment of error is overruled.
 III {¶ 23} In the third assignment of error, appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree
 {¶ 24} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). R.C. 2929.14(E)(4) states as follows:
 {¶ 25} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 26} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 27} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 29} Revised Code 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 30} Recently, the Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 31} The import of the decision in State v. Comer 2003,99 Ohio St.3d 463, 2003-Ohio-4165 is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-78. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (citations omitted).
 {¶ 32} It is interesting to note that in the case at bar appellant's counsel neither objected to the conduct of the sentencing hearing nor the imposition of consecutive sentences on the record. Obviously, had trial counsel contended the court failed to follow either the Comer decision or R.C. 2929.14, the error could have been argued and corrected at the trial court level. Appellant also does not, unlike the Comer case, argue that the trial counsel was ineffective for his failure to object at the sentencing hearing.
 {¶ 33} R.C. 2953.08(G)(l)(a) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 34} The record supports that the trial judge found that each of the requirements of 2929.14 (E) were met. In support of its findings, the trial court stated at the sentencing hearing that its decision was based on the appellant's criminal past, including a felony of the first degree. The trial court further found the appellant has previously served a prison term and that appellant was on parole at the time he committed two counts of trafficking in cocaine. The trial court further found that the selling of crack cocaine is a great harm and that one sentence would fail to adequately punish the defendant or fail to protect the public. These combinations of factors clearly support the trial court's conclusion that consecutive prison terms are necessary to protect the public and punish the offender. They further support the trial court's conclusion that consecutive sentences, in this case, are not disproportionate to the criminal conduct involved here and appellant's subsequent danger to the public. Additionally, these findings are sufficient to substantiate the trial court's determination that appellant's criminal history necessitates consecutive sentences to protect the public from future crimes. As only two crimes are alleged, both involving the sale of crack cocaine to the same undercover informant within a short time of each other, the dissents reliance upon R.C. 2929.14 (E)(4)(b)'s requirement that "[a]t least two of the multiple offenses were committed as part of one or more course of conduct" simply elevates form over substance.
 {¶ 35} Accordingly, we find that the record supports the trial court's imposition of consecutive sentences, and that the trial court made the findings required before imposing consecutive sentences.
 {¶ 36} Appellant's third assignment of error is overruled.
 {¶ 37} The judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, P.J. and Farmer, J., concur.
Edwards, J., dissents.
[1] The informant was paid by the Task Force for her work in the case and had previously been convicted of trafficking in crack cocaine.
[2] During voir dire, defense counsel comments on appellant's attire and states that appellant is in jail because he is charged with these offenses and denies the State's allegations.