OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant Robert J. Black's sentences on one count of burglary, in violation of R.C. §2911.12(A)(1) and one count of felonious assault with a firearm specification, in violation of R.C. § 2903.11(A)(2) and R.C. §2941.145.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant and the victim in this case are the unmarried parents of a young son.
{¶ 4} On December 31, 2002, Appellant went to the victim's house. Appellant cut the telephone lines, entered the house and found the victim asleep on the couch. She awoke to find Appellant standing over her with a gun. Appellant bound her hands and fired the gun twice in an apparent attempt to shoot her. When their son began to cry from another room, Appellant went to check on him, leaving the victim unattended. The victim managed to escape through a back window and call for help from a neighbor's house.
{¶ 5} Appellant called his sister, who upon his request, picked up Appellant and his son, driving around for much of the evening until Appellant eventually got a motel room and left the child with his sister.
{¶ 6} Appellant was apprehended at the motel without incident.
{¶ 7} On January 10, 2003, and Appellant was indicted on the following counts:
{¶ 8} Count one: Theft, in violation of R.C. § 2913.02(A)(1)
{¶ 9} Count two: Disrupting Public Service, in violation of R.C. § 2909.04(A)(1), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 10} Count three: Aggravated Burglary, in violation of R.C. §2911.11(A)(2), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 11} Count four: Burglary, in violation of R.C. §2911.12(A)(1), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 12} Count five: Domestic Violence, in violation of § R.C.2919.25(A), with a firearm specification, in violation of R.C. §2941.145.
{¶ 13} Count six: Kidnapping, in violation of R.C. §2905.01(A)(3), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 14} Count seven: Kidnapping, in violation of R.C. §2905.01(B)(2), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 15} Count eight: Kidnapping, in violation of R.C. §2905.01(B)(2), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 16} Count nine: Felonious assault, in violation of R.C.2903.11(A)(2), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 17} Count ten: Felonious assault, in violation of R.C.2903.11(A)(2), with a firearm specification, in violation of R.C. § 2941.145.
{¶ 18} On January 28, 2003, appellant was arraigned and entered pleas of not guilty to the charges and specifications.
{¶ 19} On February 19, 2003, Appellant entered pleas of not guilty by reason of insanity to the above charges. The trial court ordered a psychiatric evaluation, which ultimately resulted in a finding of competency to stand trial.
{¶ 20} On July 29, 2003, at a change of plea hearing, Appellant entered pleas of guilty the Count four Burglary charge and the Count 9 Felonious Assault charge with a firearm specification. Upon motion by the State, the trial court dismissed the firearm specification to Count four along with the remaining counts and specifications.
{¶ 21} The Judgment Entry on Guilty Plea was entered on August 12, 2003, and a pre-sentence investigation was ordered at that time.
{¶ 22} At the sentencing hearing on October 10, 2003, the trial court sentence appellant to serve seven years on the Count four Burglary charge, six years on the count nine felonious assault charge and the mandatory three years on the firearm specification, all to be served consecutively.
{¶ 23} It is from this sentence Appellant appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 24} "I. The trial court erred in sentencing defendant to serve seven (7) years on count 4 and to serve six (6) years on count 9."
{¶ 25} "II. The trial court erred in sentencing defendant to serve seven (7) years on count 4 consecutive to six years on count 9."
 I.
{¶ 26} In his first assignment of error, Appellant argues that the trial court abused its discretion when it sentenced appellant. We disagree.
{¶ 27} Appellant pled guilty to charges of burglary and felonious assault, both second degree felonies. The term of imprisonment a trial court may impose for a second degree felony is two, three, four, five, six, seven, or eight years pursuant to R.C. 2929.14(A)(2).
{¶ 28} The trial court imposed a six-year term on the felonious assault charge and a seven year term on the charge of burglary, finding that the shortest prison term would demean the seriousness of the offenses and would not adequately protect the public. The sentence is not in violation of the statute and is not an abuse of discretion.
{¶ 29} As an appellate court, we will not reverse the trial court's sentencing decisions absent an abuse of discretion. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466, 470; State v. Moreland (1990),50 Ohio St.3d 58, 61; State v. Adams (1980), 62 Ohio St.2d 151,157. Furthermore, reviewing courts should not substitute their judgment for that of the trial court in determining the most effective way to comply with the principles and purposes of the sentencing guidelines. See, generally, In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138, 1184; Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
{¶ 30} Upon review, we find the record supports that the trial judge found that each of the requirements of R.C. § 2929.12 were met. In support of its findings, the trial court stated at the sentencing hearing that its decision was based on the serious psychological harm suffered by the victim and appellant's lengthy criminal past. (T. at 20). The trial court further found the appellant had previously failed to complete a community based correction facility program in a prior case. The trial court also found appellant to be a risk to society (T. at 19) and that a prison term of substantial length was necessary to protect the victim as well as society. (T. at 20). The court also found recidivism to be likely based on appellant's past criminal record. (T. at 20). These combinations of factors clearly support the trial court's conclusion that consecutive prison terms are necessary to protect the public and punish the offender. They further support the trial court's conclusion that consecutive sentences, in this case, are not disproportionate to the criminal conduct involved here and appellant's subsequent danger to the public. Additionally, these findings are sufficient to substantiate the trial court's determination that appellant's criminal history necessitates consecutive sentences to protect the public from future crimes.
{¶ 31} Having reviewed the record in the instant case, and considering the particular facts and circumstances of these crimes, we discern no error and no abuse of discretion in the sentences imposed. For these reasons, we overrule Appellant's first assignment of error.
{¶ 32} This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the trial court used the appropriate "magic words" in sentencing appellant, and the record contains sufficient evidence to support the trial court's sentence in this case.
{¶ 33} We conclude that in this case the sentences are supported by the record and are not contrary to law. We are also satisfied that the trial court considered the proper factors and entered appropriate findings to support the particular sentences.
 II.
{¶ 34} In the second assignment of error, Appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree.
{¶ 35} In order to impose consecutive sentences, a trial court must comply with R.C. § 2929.14(E)(4) and R.C. §2929.19(B)(2)(c). Revised Code § 2929.14(E)(4) states as follows:
{¶ 36} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 37} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
{¶ 38} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 39} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 40} Revised Code 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences.
{¶ 41} Recently, the Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
{¶ 42} As we stated in State v. Godbolt (Jan 26, 2004), Licking App. No. 2003CA00034, 2004-Ohio-317, "the import of the decision in State v. Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-478. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision Id. at 465-466. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (citations omitted)."
{¶ 43} Revised Code § 2953.08 (G)(l)(a) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
{¶ 44} Based upon the reasons the trial court expressed at the sentencing hearing, as set forth supra, we find that the record supports the trial court's imposition of consecutive sentences in accordance with R.C. 2919.14(E), and that the trial court made the findings required before imposing consecutive sentences.
{¶ 45} Appellant's second assignment of error is overruled.
{¶ 46} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.
Boggins, J., Farmer, P.J., concurs
Hoffman, J., concurs in part and dissents in part