ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Andre Wright ("Wright") appeals from his conviction and sentence in the Cuyahoga County Court of Common Pleas for possession of drugs. For the reasons stated below, we vacate the sentence and remand for further proceedings.
 {¶ 3} Wright was charged under a two-count indictment with possession of drugs and resisting arrest. Following a plea agreement, Wright pled guilty to possession of drugs, and the remaining count was nolled.
 {¶ 4} Prior to the sentencing hearing, Wright filed a motion to withdraw his plea. However, the motion, which was journalized the day before sentencing, had not yet been seen by the sentencing judge. The judge indicated that she would take care of it once she had seen it and proceeded to sentence Wright to a six-month prison term. The trial court filed a journal entry on March 17, 2004 that imposed the six-month prison term and made no mention of Wright's motion to withdraw his plea.
 {¶ 5} Wright brought this appeal raising two assignments of error for our review. His first assignment of error provides:
 {¶ 6} "The trial court erred in failing to hold a hearing and grant Mr. Wright's motion to [withdraw] his guilty plea."
 {¶ 7} The record in this case reflects that Wright filed a presentence motion to withdraw his guilty plea. The court was advised of this motion at the sentencing hearing, but failed to hold a hearing or to rule on the motion. No ruling was ever made on the motion.
 {¶ 8} The state argues that the appeal is premature because the motion was not ruled upon; we do not agree. Through its journal entry filed March 17, 2004, the trial court implicitly denied Wright's motion by imposing a six-month sentence. SeeState v. Hassink, Columbiana App. Nos. 2000-CO-11, 2000-CO-12, 2000-Ohio-2616 (holding the trial court implicitly denied appellant's motion to withdraw his guilty plea by filing a journal entry sentencing the appellant). Therefore, we must review the trial court's decision.
 {¶ 9} The standard of review for a decision on a motion to withdraw a plea is abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Clark
(1994), 71 Ohio St.3d 466, 1994-Ohio-43.
 {¶ 10} While a defendant does not have an absolute right to withdraw a plea prior to sentencing, "[a] presentence motion to withdraw a guilty plea should be freely and liberally granted."Xie, 62 Ohio St.3d at 526. Further, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 11} In this case the trial court failed to provide any sort of hearing on Wright's motion, let alone determine whether there was a reasonable and legitimate basis for the withdrawal of the plea. Simply put, the trial court failed to explicitly rule upon the motion.
 {¶ 12} In a similar case, State v. Nickell, Butler App. CA88-08-121, the court, relying upon a decision from this court, found the failure to rule on a presentence motion to withdraw a plea constitutes an abuse of discretion. The court stated:
"In State v. Peterseim (1980), 68 Ohio App.2d 211,paragraph three of the syllabus, the Cuyahoga County Court ofAppeals held that a trial court does not abuse its discretion inoverruling a motion to withdraw a guilty plea where, among otherthings, `the record reveals that the court gave full and fairconsideration to the plea withdrawal request.' Certainly, `fulland fair consideration' cannot be given to a motion to withdraw aguilty plea where the court does not even rule on the motion.There is nothing in the transcript nor any entry in the courtfile in which the trial court explicitly grants or deniesappellant's motion to withdraw his guilty plea. Accordingly, thetrial court abused its discretion, not by denying a Crim. R. 32.1motion, but by failing to rule upon such a motion."
 {¶ 13} Nickell, supra.
 {¶ 14} Because the trial court in this case did not explicitly rule upon Wright's motion, we find the trial court committed an abuse of discretion. Wright's first assignment of error is sustained.
 {¶ 15} Wright's second assignment of error provides:
 {¶ 16} "The trial court did not have authority to accept Mr. Wright's plea absent an order from the administrative judge."
 {¶ 17} Under this assignment of error, Wright claims that it was error for a judge other than the one assigned to his case to accept his plea without an order from the administrative judge. The record reflects that not only did Wright fail to object to the substitution below, but he also agreed to the substitution. As this court stated in State v. McGhee (Apr. 21, 1994), Cuyahoga App. Nos. 65214, 65215, 65216: "Ohio law is quite clear that an [appellate] court need not consider an error of law which was not objected to by the complaining party to the trial court. In the present case, appellant did not object on the record to a different judge taking his plea. This court will not consider this assignment of error without the proper objection being made." (Internal citation omitted.)
 {¶ 18} Wright's second assignment of error is moot.
 {¶ 19} We find Wright's sentence must be vacated and the matter must be remanded for disposition of Wright's motion to withdraw his guilty plea. The court may then proceed to trial or resentence appellant depending upon whether it grants or denies the motion.
Sentence vacated; case remanded.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J.,* concur.
*Sitting by assignment: Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.